LATHAM & WATKINS LLP
   Patrick E. Gibbs (Bar No. 183174)
   Matthew Rawlinson (Bar No. 231890)
   Andrew M. Farthing (Bar No. 237565)
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600
Facsimile: +1.650.463.2600

Attorney for Defendant Celera Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON M. MCCREARY, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>v.<br><br>CELERA CORPORATION, KATHY P. ORDOÑEZ, WILLIAM G. GREEN, RICHARD H. AYERS, JEAN-LUC BELINGARD, GAIL K. NAUGHTON, WAYNE I. ROE, PETER BARTON HUTT, BENNETT M. SHAPIRO, QUEST DIAGNOSTICS INCORPORATED, and SPARK ACQUISITION CORPORATION<br><br>Defendants. | CASE NO. 11-CV-1618-SC<br><br>**DEFENDANT CELERA CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME**<br><br><u>**CLASS ACTION**</u><br><br>Action Filed: April 1, 2011<br><br>Judge: Hon. Samuel Conti |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. ARGUMENT ....................................................................................................................... 3

    A.    Plaintiff Is Not Entitled To Expedited Discovery .................................................. 3

IV. CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Erickson v. Wheatley Ventures*,
  No. C-96 2934 MHP, 1997 WL 119849 (N.D. Cal. Mar. 4, 1997) ........................................ 4

*Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Co.*,
  476 F.2d 687 (2d Cir. N.Y. 1973) ................................................................................. 3

*In re Countrywide Fin. Corp. Deriv. Litig.*,
  542 F. Supp. 2d 1160 (C.D. Cal. 2008) .................................................................... 3, 4

*In re Gen. Motors (Hughes) S'holders Litig.*,
  C.A. No. 20269-NC, 2003 Del. Ch. LEXIS 148 (Del. Ch. Oct. 2, 2003) ............................ 5

*In re Pure Res. S'Holders Litig.*,
  808 A.2d 421 (Del. Ch. 2002) ....................................................................................... 4

*Int'l Jensen Inc. v. Emerson Radio Corp.*,
  No. 96 C 2816, 1996 U.S. Dist. LEXIS 12481 (N.D. Ill. Aug. 26, 1996) ........................... 4

*Rosenblatt v. Getty Oil Co.*,
  493 A.2d 929 (Del. 1985) .............................................................................................. 4

*SG Cowen Sec. Corp. v. U.S. Dist. Court*,
  189 F.3d 909 (9th Cir. 1999) ......................................................................................... 3

*Sheridan v. Oak St. Mortg., LLC*,
  244 F.R.D. 520 (E.D. Wisc. 2007) ................................................................................. 3

*TSC Indus., Inc v. Northway, Inc.*,
  426 U.S. 438 (1976) ...................................................................................................... 4

*Union Pacific Corp. v. Santa Fe Pacific Corp.*,
  C.A. Nos. 13778, 1995 WL 54428 (Del. Ch. Jan. 30, 1995) ............................................ 5

*Washburn v. Madison Square Garden Corp.*,
  340 F. Supp. 504 (S.D.N.Y. 1972) ................................................................................. 4

### STATUTES

15 U.S.C. § 78n(d)(4) ............................................................................................................ 4

15 U.S.C. § 78n(e) ................................................................................................................. 4

15 U.S.C. § 78u-4(b)(3)(B) ................................................................................................ 1, 3

## I. INTRODUCTION

Quest Diagnostics, Inc. ("Quest") first announced a proposed acquisition of Celera Corporation ("Celera") on March 18, 2011. Between March 22 and March 29, seven lawsuits seeking to enjoin the transaction were filed in three different jurisdictions. On April 1, two weeks after the announcement of the acquisition, Plaintiff here filed the eighth lawsuit challenging the acquisition. All of the actions seek to represent the same nationwide class of Celera's stockholders with respect to claims arising out of the proposed acquisition, and all assert essentially identical claims. In the earliest filed of these cases, a lawsuit filed in Delaware on March 22, 2011, a motion for certification of a nationwide class has already been filed and discovery will be complete later this week. A preliminary injunction hearing is scheduled for April 20 before Vice Chancellor Parsons of the Delaware Court of Chancery.

Here, Plaintiff has asserted state law claims arising from the proposed acquisition that are identical to those filed in the other lawsuits. Plaintiff has also filed claims under the Securities Exchange Act of 1934 that duplicate his state law fiduciary duty claims. Plaintiff insists that he needs expedited discovery in this case so that he can move to enjoin the proposed merger between Celera and Quest. Those very issues, however, are currently being litigated in two other forums, and a similar request is already pending in yet another action in *this very Court*.

But fundamentally, the motion for shortened time should be denied because Congress has made a determination that discovery in cases with Exchange Act claims is stayed as a matter of law at the pleading stage, *see* 15 U.S.C. § 78u-4(b)(3)(B), and in any event expedited discovery for another identical case relating to the Celera acquisition would serve no purpose other than to burden the Court and parties. Likewise, a separate hearing for preliminary injunction would do nothing more to protect the interests of Celera's stockholders, but only further heighten the risk of inconsistent verdicts by separate courts and waste Company (and thus shareholder) resources.

## II. BACKGROUND

On March 18, 2011, Celera and Quest announced that they had signed a merger agreement whereby Quest would commence a tender offer for all of the outstanding shares of Celera's stock at $8.00 per share in cash. This represents a premium to shareholders of 28%

over the closing price of Celera's stock on March 17, 2011, the day before the announcement of the agreement. Subsequent to this announcement and beginning on March 22, a series of lawsuits were filed on behalf of Celera's shareholders challenging the acquisition. *See generally* Dkt. #14, Defendant Celera Corp.'s Notice of Pendency of Other Proceedings ("Notice of Pendency"). The first, filed in the Delaware Court of Chancery, was captioned *New Orleans Employees' Retirement System v. Ayers, et al. See id.* The Delaware Complaint was brought on behalf of the same class of Celera shareholders that Plaintiff in the present case seeks to represent. *Id.* The proceedings in the Delaware Action have advanced rapidly. On March 28, 2011, the Court of Chancery entered a Stipulation and Order Regarding Case Scheduling, which lays out the schedule which will govern the proceedings and provides for expedited discovery. *Id.* at Ex. 5. The three cases pending in that forum have been consolidated, and expedited discovery is well underway, with document discovery effectively complete. *See* Gibbs Decl. ¶ 2. Several depositions were completed last week, and the remainder will be completed by this Wednesday, April 13. *Id.* at ¶ 3.

In another case pending in this District, *In re Celera Corp. Derivative Litigation*, No. 10-CV-02935-JW, plaintiffs moved on April 23 to amend their existing derivative claims to include additional class claims arising out of the proposed acquisition. *See* Notice of Pendency. Chief Judge Ware will hear plaintiff's motion for leave to amend in that matter on April 18, 2010. *Id.* If leave to amend is granted, the acquisition-related claims in this and in the *In re Celera Corp. Derivative Litigation* would be essentially the same.

In addition to the Delaware actions, three actions were filed in Alameda County Superior Court in Oakland, subsequently consolidated under the caption *Lauver v. Ordoñez, et al.*, RG11567227 (consolidated with RG11567261 and RG11568396). *Id.*[1] All of these pending complaints are substantially identical to one another. The complaints, like those in Delaware, allege that Celera's directors breached their fiduciary duties by approving the Merger and made false or misleading disclosures about the Merger. *See* Notice of Pendency, Exs. 1-4.

---

[1] By order of the Court in Oakland, the *Lauver* plaintiffs have been given access to discovery in the Delaware action, including an opportunity to ask non-duplicative questions in connection with the already scheduled depositions in the Delaware proceedings.

## III. ARGUMENT

### A. Plaintiff Is Not Entitled To Expedited Discovery

Plaintiff's motion misstates the applicable standard for expedited discovery. Because Plaintiff has brought a claim under the Securities Exchange Act of 1934 (McCreary Compl. ¶ 1), all discovery in this case is automatically stayed pursuant to the Private Securities Litigation Reform Act (the "PSLRA"). 15 U.S.C. § 78u-4(b)(3)(B). This stay applies with equal force to Plaintiff's pendent state law claims. *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1180 (C.D. Cal. 2008) (citing *SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 913 n.1 (9th Cir. 1999)). To lift the PSLRA discovery stay, Plaintiff must show "undue prejudice," 15 U.S.C. § 78u-4(b)(3)(B), rather than the "good cause" standard addressed in his motion. He has not done so. Indeed, twelve of the thirteen cases that Plaintiff relies on in his underlying Motion for Expedited Discovery where expedited discovery was granted on good cause are either pre-PSLRA federal cases or cases from the Delaware Court of Chancery where claims subject to the PSLRA cannot be brought. Motion at 14-15 (citing five Delaware Chancery cases and federal cases from 1994, 1991, 1973, 1986, 1980, 1978, and 1996). The only post-PSLRA federal case cited has nothing to do with securities class actions, but rather involves a putative class action alleging violations of the Fair Credit Reporting Act. *See Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wisc. 2007).

Plaintiff cannot show the "undue prejudice" required to justify lifting the stay. In his Motion to Shorten Time, Plaintiff argues that shortened time is necessary because his Section 14 claims "cannot be adjudicated" in the state courts of Delaware. However, the relief he seeks (additional disclosures to Celera's stockholders) and the legal standard he must meet under Section 14 are identical to those in the Delaware Action.

To state a claim under section 14(e), plaintiffs must show that defendant made a statement that was materially false or misleading in connection with a tender offer. (15 U.S.C. § 78n(e); *See Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Co.*, 476 F.2d 687, 696 (2d Cir. N.Y. 1973). Delaware state law requires that the board must provide "information that is material" and that the information "must provide a truthful account of all matters and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

avoid misleading partial disclosures" in connection with a tender offer. *In re Pure Res. S'Holders Litig.*, 808 A.2d 421, 447 (Del. Ch. 2002). Furthermore, the courts of Delaware have long applied the federal standard of materiality articulated in *TSC Indus., Inc v. Northway, Inc.*, 426 U.S. 438, 449 (1976). *See Rosenblatt v. Getty Oil Co.*, 493 A.2d 929, 944 (Del. 1985). Thus, as the elements and requested relief involved in both claims are identical, there is little risk that this federal claim "cannot be adjudicated."[2]

In these circumstances, "a district court is not under a compulsion to exercise its jurisdiction when a controversy may be settled more expeditiously in the state proceeding. ... [O]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed ... where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Int'l Jensen Inc.* v. *Emerson Radio Corp.*, No. 96 C 2816, 1996 U.S. Dist. LEXIS 12481, at *9-10 (N.D. Ill. Aug. 26, 1996) (internal quotations omitted) (staying Section 14 claim in favor of related proceedings in state court); *Countrywide*, 542 F. Supp. 2d at 1178 (allowing state court proceedings challenging merger to proceed and staying federal claims because "[t]he proceedings in [state court] are adequately positioned to provide equitable or legal relief as appropriate"). Plaintiff does not and cannot argue that the courts of Delaware, with their extensive expertise on these issues, cannot adequately protect the interests of the class. The currently pending action in Delaware will decide the issues that plaintiff now seeks to litigate here. Plaintiff identifies no "undue prejudice" that will require those claims to be heard separately here.

Even putting aside the foregoing, Plaintiff has also forfeited any right to a shortened hearing date or expedited discovery by virtue of his delay in bringing these claims and seeking this relief. *In re Gen. Motors (Hughes) S'holders Litig.*, C.A. No. 20269-NC, 2003 Del. Ch. LEXIS 148, at *3, 5 (Del. Ch. Oct. 2, 2003) (when a "plaintiff unreasonably delays in bringing an application for expedited proceedings, there is not a sufficient possibility of threatened

---

[2] Plaintiff also purports to bring a Section 14(d)(4) claim, but that provision does not give rise to a private right of action. *See*, *e.g.*, *Erickson v. Wheatley Ventures*, No. C-96 2934 MHP, 1997 WL 119849, at *5 (N.D. Cal. Mar. 4, 1997); *Washburn v. Madison Square Garden Corp.*, 340 F. Supp. 504, 508 (S.D.N.Y. 1972).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

irreparable injury to justify imposing the extra, substantial costs of such a proceeding."); *see also Union Pacific Corp. v. Santa Fe Pacific Corp.*, C.A. Nos. 13778, 13587, 1995 WL 54428, at *1, 3 (Del. Ch. Jan. 30, 1995) (denying motion for preliminary injunction and expedited discovery where plaintiff brought its motion eight days after learning of shareholder vote and where document discovery would have to be completed in about a week).

Here, the proposed acquisition was announced on March 18, 2011, and that announcement indicated that the transaction was expected to close by the end of April. The parallel litigation in Delaware proceeded expeditiously and was well underway by the time plaintiffs here got around to bringing the instant applications (and plaintiffs here have not even completed service on all defendants). After waiting *two weeks* since the announcement of the proposed acquisition to even file a complaint, Plaintiff now proposes a schedule that is entirely unworkable—a preliminary injunction hearing "preferably" by April 15, before any meaningful discovery has actually been had in this matter, and ahead of the hearing in the first filed case in Delaware on April 20, which will have a hearing with the benefit of discovery and briefing argued on the basis of the discovery that has been taken. Plaintiffs' proposal is inefficient, duplicative, ignores the PSLRA discovery stay and is not in the best interests of the class it purports to represent.

### IV. CONCLUSION

For the foregoing reasons, this Court should deny the Plaintiff's Motion to Shorten Time on Pending Motion for Expedited Discovery and Preliminary Injunction.

Dated: April 11, 2011

LATHAM & WATKINS LLP

By /s/ *Patrick E. Gibbs*
Patrick E. Gibbs

Attorney for Defendant Celera Corporation