United States District Court
For the Northern District of California

1
2
3
4                     IN THE UNITED STATES DISTRICT COURT
5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    JON M. McCREARY, individually and  ) Case No. 11-1618 SC
     on behalf of all others similarly  )
8    situated,                          ) ORDER DENYING MOTION TO
                                        ) SHORTEN TIME AND STAYING
9                    Plaintiff,         ) <u>CASE</u>
                                        )
10                                      )
         v.                             )
11                                      )
12   CELERA CORPORATION, KATHY P.       )
     ORDONEZ, WILLIAM G. GREEN, RICHARD )
13   H. AYERS, JEAN-LUC BELINGRAD, GAIL )
     K. NAUGHTON, WAYNE I. ROE, PETER   )
14   BARTON HUTT, BENNETT M. SHAPIRO,   )
     QUEST DIAGNOSTICS CORPORATION; and )
15   SPARK ACQUISITION CORPORATION,     )
                                        )
16                   Defendants.        )
                                        )
17                                      )
                                        )
18   _____

19   I.   <u>**INTRODUCTION**</u>

20        Before the Court is a Motion to Shorten Time on Pending Motion

21   for Expedited Discovery and Preliminary Injunction filed by

22   Plaintiff Jon McCreary ("Plaintiff") against Defendants Celera,

23   Corp., et al. ("Defendants").  ECF No. 11 ("Mot.").  Defendants

24   filed an Opposition.  ECF No. 15.  The Court, having considered the

25   papers and pleadings on file, hereby DENIES the Motion.

26   Furthermore, the Court STAYS the instant case pending the outcome

27   of proceedings before the Delaware Court of Chancery in a nearly

28   identical action.

**United States District Court**
For the Northern District of California

## II.   BACKGROUND

On March 18, 2011, Celera Corporation ("Celera") and Quest Diagnostics, Inc. ("Quest") announced they had entered into a merger agreement pursuant to which Quest would commence a tender offer to purchase all outstanding shares of Celera common stock for $8.00 per share in cash, to be followed by a "second-step merger" upon the expiration of the tender offer on April 25, 2011.   ECF No. 1 ("Compl.") ¶ 2.

On April 1, 2011, Plaintiff filed this action alleging that Defendants' actions relating to the proposed acquisition breached their fiduciary duties and violated the Securities Exchange Act of 1934 ("Exchange Act").   See Id.   In short, Plaintiff alleges that the proposed acquisition is an effort by members of the Celera Board of Directors (including the individual Defendants named herein) to insulate themselves from liability in pending accounting and securities fraud litigation against Celera.   Id. ¶ 3. Plaintiff asserts breach of fiduciary duty claims on behalf of all public shareholders of Celera, and he asserts an individual claim for violations of the Exchange Act.   Id. ¶ 1.   Plaintiff alleges that, in executing the proposed acquisition, Defendants breached their fiduciary duty to employ a sales process designed to maximize the value of Celera common stock.   Id. ¶ 77.   Plaintiff further alleges that the "Recommendation Statement" soliciting shareholder approval for the proposed acquisition omits material facts in violation of Defendants' fiduciary duties and in violation of sections 14(d)(4) and 14(e) of the Exchange Act.   Id. ¶¶ 72, 78.

Between March 18, 2011, when Quest and Celera first announced the proposed acquisition, and April 1, 2011, when Plaintiff filed

**United States District Court**
For the Northern District of California

1  this lawsuit, seven other lawsuits seeking to enjoin the

2  transaction were filed in three different jurisdictions.  Opp'n at

3  1; see also ECF No. 14 ("Notice of Pendency").

4      Three of these actions were filed in the Delaware Court of

5  Chancery and have been consolidated under the caption In re Celera

6  Corp. Shareholder Litigation, Consol. C.A. No. 6304-VCP.  See

7  Notice of Pendency, Ex. 1 ("Del. Consol. Compl.").  Expedited

8  discovery is underway in that litigation and will close on April

9  13, 2011.  Notice of Pendency, Ex. 5 ("Del. Case Scheduling

10 Order").  On April 20, 2011, the Delaware Court of Chancery will

11 hear the plaintiffs' motion for a preliminary injunction enjoining

12 the proposed acquisition.  Id.

13     In addition to the Delaware actions, three actions were filed

14 in Alameda County Superior Court and were subsequently consolidated

15 under the caption Lauver v. Ordonez, et al., RG11567227.  Id., Exs.

16 2-4 ("Alameda Super. Ct. Complaints").

17     The last of the seven actions attempting to challenge the

18 proposed acquisition and predating Plaintiff's Complaint is pending

19 in this District.  In In re Celera Corp. Derivative Litigation, No.

20 10-CV-02935-JW, plaintiffs moved on March 23, 2011 to amend their

21 existing derivative claims to include additional class claims

22 arising out of the proposed acquisition.  See Notice of Pendency.

23 Chief Judge Ware will hear the motion for leave to amend on April

24 18, 2010.  Id.

25     All of the eight actions, including Plaintiff's, make

26 substantially identical allegations against the same defendants.

27 Each alleges that Celera's directors breached their fiduciary

28 duties by approving the proposed acquisition and made false or

misleading disclosures about the transaction.  <u>See</u> Notice of

Pendency, Exs. 1-4.  Each action seeks to represent the same

nationwide class of Celera stockholders.  <u>Id.</u>  Indeed, the only

difference between Plaintiff's action and the others is that

Plaintiff has added individual claims under the Exchange Act based

on the same allegedly misleading disclosures that form part of the

basis for his fiduciary duty claims.

On April 5, 2011, Plaintiff filed a Motion for Preliminary

Injunction and Expedited Discovery.  ECF No. 7 ("Mot. for

Preliminary Injunction").  In his Motion for Preliminary

Injunction, Plaintiff requests access to essentially the same

documents that have been produced in connection with the Delaware

litigation, as well as the opportunity to depose witnesses on short

notice.  <u>Id.</u> at 16.  Plaintiff asks the Court to enjoin the

proposed acquisition "until the Board properly shops [Celera]

and/or at least ensures that shareholders have the information

necessary to make a fully-informed decision with respect to any

value-maximizing transaction."  <u>Id.</u> at 2.

On April 6, 2011, Plaintiff filed the instant Motion to

Shorten Time.  Plaintiff seeks a hearing date at least ten days

prior to the expiration of Celera's tender offer on April 25, 2011.

The Motion for Preliminary Injunction is currently scheduled to be

heard on May 27, 2011.

## III. <u>DISCUSSION</u>

### A. <u>Plaintiff's Motion to Shorten Time</u>

Plaintiff's Motion does not comply with the Civil Local Rules

governing motions to enlarge or shorten time.  Civil Local Rule 6-3

4

**United States District Court**
For the Northern District of California

provides that a motion to shorten time must be accompanied by a
declaration that (1) sets forth with particularity the reasons for
the request; (2) describes the efforts the party has made to obtain
a stipulation to the time change; (3) identifies the harm or
prejudice that would occur if the Court did not change the time;
(4) describes the moving party's compliance with Civil Local Rule
37-1(a) where applicable; (5) describes the nature of the
underlying dispute and summarizes the position of each party; (6)
discloses all previous time modifications in the case; and (7)
describes the effect the requested modification would have on the
schedule for the case.  Here, Plaintiff has not included a
declaration in support of his Motion and has satisfied none of
these requirements.  Accordingly, the Court DENIES Plaintiff's
Motion to Shorten Time.

B.   Stay of this action pending the outcome of the Delaware
     proceedings

In its Notice of Pendency, Defendants submit that this action
should be stayed pending the outcome of the Delaware action.
Notice of Pendency at 3.  This Court agrees.  A district court has
inherent power to stay proceedings and "to control the disposition
of the causes on its docket with economy of time and effort for
itself, for counsel, and for litigants."  Landis v. North American
Co., 299 U.S. 248, 254 (1936).  "A trial court may, with propriety,
find it is efficient for its own docket and the fairest course for
the parties to enter a stay of an action before it, pending
resolution of independent proceedings which bear upon the case."
Leyva v. Cert. Grocers of Cal., 593 F.2d 857, 863-64 (9th Cir.
1979).

**United States District Court**
For the Northern District of California

1    Courts look to the <u>Colorado River</u> doctrine when determining

2  whether to stay a federal action in light of a pending state

3  action.   Under the <u>Colorado River</u> doctrine, a federal court may

4  abstain from exercising its jurisdiction in favor of parallel state

5  proceedings where doing so would serve the interests of "[w]ise

6  judicial administration, giving regard to the conservation of

7  judicial resources and comprehensive disposition of litigation."

8  <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S.

9  800, 817 (1976).   "Exact parallelism" between the state and federal

10  actions is not required; it is enough if the two actions are

11  "substantially similar."   <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1416

12  (9th Cir. 1989).   Nonetheless, the Ninth Circuit has emphasized

13  that "the <u>Colorado River</u> doctrine is a narrow exception to 'the

14  virtually unflagging obligation of the federal courts to exercise

15  the jurisdiction given them.'" <u>Holder v. Holder</u>, 305 F.3d 854, 867

16  (9th Cir. 2002) (quoting <u>Colorado River</u>, 424 U.S. at 817).

17  Accordingly, a stay of proceedings pursuant to the <u>Colorado River</u>

18  doctrine is appropriate only where "exceptional circumstances" are

19  present.   <u>Id.</u>

20    If state and federal actions are parallel, then the Court must

21  consider seven factors that, although not exclusive, are relevant

22  to whether a stay is appropriate under <u>Colorado River</u> and its

23  progeny: (1) whether the state court first assumed jurisdiction

24  over property; (2) inconvenience of the federal forum; (3) the

25  desirability of avoiding piecemeal litigation; (4) the order in

26  which jurisdiction was obtained by the concurrent forums; (5)

27  whether federal law or state law provides the rule of decision on

28  the merits; (6) whether the state court proceedings are inadequate

United States District Court
For the Northern District of California

to protect the federal litigant's rights; (7) whether exercising
jurisdiction would promote forum shopping.  <u>Holder</u>, 305 F.3d at
870.

                1.  <u>The instant action and the Delaware action are</u>
                   <u>parallel</u>

      Plaintiff has asserted state law claims for breach of
fiduciary duty and aiding and abetting breach of fiduciary duty and
has also asserted a claim under section 14(e) of the Exchange Act
based on the same facts underlying his state law claims.[1]  <u>See</u>
Compl.  Plaintiff's action is substantially similar to the Delaware
action and therefore satisfies the "parallel proceedings"
requirement of <u>Colorado River</u>.  Both actions seek to represent the
same class of Celera shareholders against exactly the same
defendants.  <u>See</u> Compl; Notice of Pendency, Ex. 1 ("Consol. Del.
Compl.").  Both allege that Celera's directors breached their
fiduciary duties by approving the proposed acquisition and that all
Defendants made false or misleading disclosures about the
transaction in proxy statements filed with the Securities and
Exchange Commission.  <u>Id.</u>  The primary relief sought in both
actions is also substantially the same: an injunction enjoining the
proposed acquisition until the Celera Board has complied with its
fiduciary duties involving the transaction, and compensatory
damages to class members.  <u>Id.</u>
///
///

---

[1] Plaintiff also purports to bring a Section 14(d)(4) claim, but
that provision does not give rise to a private right of action.
<u>See</u>, <u>e.g.</u>, <u>Erickson v. Wheatley Ventures</u>, No. C-96 2934, 1997
WL 119849, *5 (N.D. Cal. Mar. 4, 1997); <u>Washburn v. Madison Square
Garden Corp.</u>, 340 F. Supp. 504, 508 (S.D.N.Y. 1972).

**United States District Court**
For the Northern District of California

2.  The *Colorado River* factors favor staying the instant proceedings

The first factor -- whether the Delaware court first assumed jurisdiction over property -- is not a consideration in this case. The second factor, inconvenience of the federal forum, does not weigh in favor or against granting a stay.  Many of the Defendants are located in California, Plaintiff is a citizen of Nevada, and the corporate Defendants are incorporated in Delaware.  Because Celera's headquarters is located in California, it is likely that many witnesses and documents are located in California.  However, those witnesses and documents will have to be produced, and likely have already been produced, in connection with the Delaware litigation regardless of whether this Court stays Plaintiff's action.  Accordingly, the convenience of the federal forum is a neutral factor in this case.

The third factor, avoiding piecemeal litigation, favors a stay when "different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).  Permitting Plaintiff's claims to proceed in parallel with the Delaware action would waste significant judicial resources and create a serious risk of conflicting results that could impact thousands of shareholders.

The fourth factor -- the order in which the concurrent forums obtained jurisdiction -- also weighs heavily in favor of staying this case.  The Delaware action commenced nearly two weeks prior to Plaintiff's action, expedited discovery in Delaware is nearly complete, and the Delaware court will hear the motion for

United States District Court
For the Northern District of California

1    preliminary injunction one week from today.  Del. Case Scheduling

2    Order.

3        The fifth factor -- whether federal law or state law provides

4    the rule of decision -- weighs in favor of staying the proceedings.

5    Plaintiff's fiduciary duty claims will be governed by Delaware law

6    because Celera, Quest, and Spark Acquisition Corporation are all

7    Delaware corporations.  Davis & Cox v. Summa Corp., 751 F.2d 1507,

8    1527 (9th Cir. 1985) ("Claims involving 'internal affairs' of

9    corporations, such as breach of fiduciary duties, are subject to

10   the laws of the state of incorporation.").  The unique expertise of

11   the Delaware court in applying Delaware corporate law militates in

12   favor of allowing the Delaware court to rule on those claims.

13       The Court takes note of the fact that Plaintiff's Exchange Act

14   claim is subject to exclusive federal jurisdiction, and generally

15   district courts may not invoke the Colorado River doctrine to stay

16   such claims.  See Intel Corp. v. Advanced Micro Devices, Inc., 12

17   F.3d 908, 913 n.7 (9th Cir. 1993) ("[T]he circuit courts, and the

18   Ninth Circuit in particular, have uniformly held that a district

19   court may not grant a stay in [cases involving claims subject to

20   exclusive federal jurisdiction].").  Here, however, Plaintiff's

21   Exchange Act claim is duplicative of the Delaware plaintiffs' state

22   law claims.  Plaintiff's Exchange Act claim alleges that Defendants

23   violated the Act by filing a Recommendation Statement with the SEC

24   that omitted material facts and was "materially misleading."

25   Compl. ¶ 72.  Counts I and III of the Delaware plaintiffs'

26   Consolidated Complaint allege that the same defendants breached

27   their fiduciary duties by filing false and misleading proxy

28   statements with the SEC.  Del. Consol. Compl. ¶¶ 95, 104.  Other

**United States District Court**
For the Northern District of California

1  courts have found that abstention under <u>Colorado River</u> is

2  appropriate in such circumstances.   See <u>International Jensen Inc.</u>

3  <u>v. Emerson Radio Corp.</u>, No. 96-C-2816, 1996 U.S. Dist. LEXIS 12481,

4  *18 (N.D. Ill. Aug. 26, 1996) (staying a federal action where the

5  plaintiff asserted Exchange Act claims that were duplicative of

6  state law fiduciary duty claims in a parallel Delware proceeding).

7  In <u>Jensen</u>, the court found that a stay was warranted "because the

8  relationship and nature of the exclusively federal claim and the

9  state law claim are so decisively similar." <u>Id.</u> at *11.  The court

10  noted that Delaware common law recognizes claims based on material

11  omissions in proxies similar to the plaintiff's Exchange Act

12  claims, and that Delaware courts apply the same standard for

13  materiality as the Supreme Court has recognized for Exchange Act

14  claims.   <u>Id.</u> at *12.  Given the duplicative nature of Plaintiff's

15  federal claim the Delaware plaintiffs' state law claims here, the

16  Court finds that, as in <u>Jensen</u>, staying the proceedings is within

17  the Court's discretion.[2]  The fifth factor thus weighs in favor of

18  staying Plaintiff's action.

19       Sixth, the adequacy of state court action to protect the

20  federal plaintiff's rights does not weigh very heavily in either

21  direction.   As noted above, although the Delaware court cannot

22  adjudicate Plaintiff's Exchange Act claim, the primary relief

23  _____

    [2] As in <u>Jensen</u>, Delaware common law recognizes claims identical to
24  Plaintiff's Exchange Act claim here.  A claim under section 14(e)
    of the Exchange Act requires a plaintiff to show that the defendant
25  made materially false or misleading statements in connection with a
    tender offer. 15 U.S.C. § 78n(e).  By comparison, Delaware state
26  law requires that corporate board members disclose material
    information, provide a "truthful account of all matters," and
27  "avoid misleading partial disclosures" in connection with a tender
    offer.   <u>In re Pure Res. S'Holders Litig.</u>, 808 A.2d 421, 447 (Del.
28  Ch. 2002).  The courts of Delaware apply the same standard of
    materiality that federal courts apply to Exchange Act claims.  <u>See</u>
    <u>Rosenblatt v. Getty Oil Co.</u>, 493 A.2d 929, 944 (Del. 1985).

**United States District Court**
For the Northern District of California

1   Plaintiff seeks -- an injunction against the merger and

2   compensatory damages -- can be awarded by the Delaware court.

3   Whether an injunction is granted or denied by this Court or by the

4   Delaware Court is unimportant -- the effect of preventing or

5   allowing the proposed acquisition to proceed is the same no matter

6   which court takes action.

7       The seventh factor -- whether exercising jurisdiction would

8   promote forum shopping -- weighs in favor of staying this action.

9   The Ninth Circuit has indicated that "forum shopping weighs in

10  favor of a stay when the party opposing the stay seeks to avoid

11  adverse rulings made by the state court or to gain a tactical

12  advantage from the application of federal court rules." Travelers,

13  914 F.2d at 1369.  Plaintiff filed this action after six nearly

14  identical actions were filed in state courts.  Plaintiff's claims

15  differ from the other actions only by including an Exchange Act

16  claim based on the same underlying facts as the fiduciary duty

17  claims asserted by Plaintiff and by plaintiffs in the other

18  actions.  The Court is therefore wary of the likelihood that

19  Plaintiff filed this action to "gain a tactical advantage from the

20  application of federal court rules." Id.  Accordingly, the seventh

21  factor weighs in favor of staying Plaintiff's case.

22      Weighing the factors relevant to the instant case and

23  subjecting them to "a flexible balancing test, in which one factor

24  may be accorded substantially more weight than another depending on

25  the circumstances of the case," Holder, 305 F.3d at 870-71, the

26  Court concludes that a stay of Plaintiff's action is warranted.  As

27  discussed above, the claims raise heightened concerns about

28  piecemeal litigation, fall within the Delaware court's unique

expertise in Delaware corporate law, and are virtually identical to the claims raised in the Delaware actions.  The proposed Delaware class action is capable of fully protecting the rights of Plaintiff and the purported shareholder class, and the Delaware proceedings have already progressed to an advanced stage.  Taken together, these facts present the "exceptional circumstances" required to support a stay under the <u>Colorado River</u> doctrine.

## IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Shorten Time and STAYS all proceedings in this case pending the outcome of the consolidated action <u>In re Celera Corp. Shareholder Litigation</u>, Consol. C.A. No. 6304-VCP currently pending before the Delaware Court of Chancery.

The parties shall appear as scheduled for a Case Management Conference on July 22, 2011, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.  A joint case management statement should be filed no later than seven (7) days prior to the Case Management Conference.


IT IS SO ORDERED.


Dated: April 13, 2011

_____
UNITED STATES DISTRICT JUDGE